IN THE TWENTY-THIRD JUDICIAL CIRCUIT

COUNTY OF JEFFERSON, STATE OF MISSOURI

| | |
|---|---|
| Larry Brown, )<br>)<br>  Plaintiff )<br>)<br>vs. )<br>)<br>CRST Malone, Inc., )<br>  Defendant )<br>)<br>)<br>Serve: )<br>Registered Agent )<br>CT Corporation System )<br>120 S. Central Avenue )<br>Clayton, MO  63105 ) | Cause No. 11JE-CC00188<br><br>Division No. 2<br><br>Personal Injury – Other |

## PETITION

COMES NOW, Plaintiff, Larry Brown, and for his cause of action against Defendant, CRST Malone, Inc. states:

1. Plaintiff is a resident of State of Missouri;

2. Defendant, CRST Malone, Inc. (hereinafter CRST) is a corporation which does business and has an agent for service of process in the State of Missouri;

3. That during the period July 1998, through October 2007, Plaintiff was employed by Defendant as a lessor (hereinafter "owner/operator contractor") of a truck which he operated for Defendant in interstate commerce;

4. That beginning in July 1998, Defendant required Plaintiff to purchase "bobtail", "deadhead", and "workers' compensation" insurance which provided liability and workers'

compensation insurance to Defendant and Plaintiff when Plaintiff operated Plaintiff's truck as an "owner/operator contractor" for Defendant.

5. That in order to facilitate and control the purchase and premium payments for said liability and workers' compensation insurance, Defendant agreed that it would assist Plaintiff and other CRST owner/operator drivers to purchase said insurance; and further agreed that it would procure a policy of workers' compensation insurance for Plaintiff and the other "owner-operator contractor" drivers employed by Defendant; would collect and deduct from Plaintiff's owner/operators' pay the monthly premiums for said insurance; and would remit the monthly premium it withheld from said owner/operators' payments to the workers' compensation insurance carrier or to the agent Defendant had selected to obtain and/or provide said insurance.

6. That Defendant in furtherance of its agreement provided Plaintiff and other owner/operator contractors with enrollment forms entitled "Sponsoring Motor Carrier Request For Proposal of Statutory Workers Compensation Program for Contractors; further Defendant undertook to deduct and collect the premiums for said workers' compensation and other insurance out of Plaintiff's weekly CRST owner/operator contractor's check; further said premiums were collected by Defendant from Plaintiff's earnings from July 1998 through January 2003.

7. That on or about July 21, 2002, Plaintiff, while working and driving as an owner/operator contractor for Defendant was injured while unloading freight at the Dow Chemical Company plant in the City of Pevely in Jefferson County, MO; and that Plaintiff thereafter filed a workers' compensation claim in Missouri for injuries to his right lower extremity, right knee, body as a whole, head, left knee, right upper extremity, right hand, left eye and back.

2

8.     That thereafter Plaintiff received workers' compensation benefits for medical care and temporary disability from July 21, 2002 until March of 2004; that in March of 2004 the aforesaid benefits unexpectedly ceased; that Plaintiff thereafter on or about May 19, 2008 learned that the workers' compensation insurance policy for which Plaintiff had paid the premiums to Defendant out of his CRST owner/operator contractor's earnings and for which he was continuing to have premiums deducted by Defendant CRST had allegedly been cancelled by the workers' compensation insurance carrier, CNA, on either May 30, 2002, or July 1, 2002, or earlier; and that as a result Plaintiff allegedly lacked workers' compensation insurance coverage as an "owner/operator" and was not "insured" by CNA or any other insurance carrier under the Missouri Workers' Compensation Law at the time of his accident in Jefferson County, Missouri on July 21, 2002.

9.     That on or about May 19, 2008, Missouri Administrative Law Judge Leslie Brown held a hearing on Plaintiff's claim for workers' compensation insurance benefits from CNA insurance, Injury No. 02-153714; and on July 31, 2008 Judge Brown ruled that Plaintiff was not insured under the Missouri Workers' Compensation Law R.S.Mo §287.020(1) at the time of his accident on July 21, 2002; but rather was a self-employed "owner/operator"; further Judge Brown ruled that there was not a valid policy of workers' compensation insurance providing workers' compensation insurance coverage to Plaintiff as an "owner/operator" contractor in effect on the day of Plaintiff's accident, July 21, 2002, because the policy of workers' compensation insurance providing workers' compensation insurance to Plaintiff as an owner/operator contractor had lapsed for non-payment of premiums on or about May 30, 2002 or July 1, 2002, and that as a result Plaintiff was not "insured" under the Missouri Workers' Compensation Law on July 21, 2002, and was not entitled to workers' compensation insurance

benefits under the Missouri Workers' Compensation Law R.S.Mo §287.010 et seq. for necessary medical care and/or temporary and permanent disability as provided by R.S.Mo. §§287.170, 287.180, 287.200 and 287.203.

10. That Defendant, CRST Malone, Inc. having undertaken on Plaintiff's behalf gratuitously or for consideration to collect premiums from Plaintiff out of his CRST Malone Inc. owner/operator contractor's paycheck, and having agreed on Plaintiff's behalf to use said funds to obtain and maintain on Plaintiff's behalf a policy of insurance providing workers' compensation insurance to Plaintiff as an owner/operator contractor, was negligent in failing to assure that the premiums it collected were used to purchase and maintain a policy of workers' compensation insurance which was in full force and effect on July 21, 2002, the date Plaintiff was injured; further that Plaintiff paid Defendant CRST. the workers' compensation insurance premiums as aforesaid to CRST out of his CRST owner/operator contractor payments, and relied upon Defendant as his agent to obtain and maintain a policy of workers' compensation insurance providing insurance to him as a CRST owner/operator contractor, but Defendant failed to do so and was thereby negligent.

11. That as a direct and proximate result of Defendant's failure to exercise reasonable care to perform its undertaking to obtain and maintain a policy of workers compensation insurance in full force and effect as aforesaid, Plaintiff suffered damages as set out in paragraphs 7 and 9 above, which paragraphs are incorporated by reference herein.

WHEREFORE, Plaintiff prays for judgment against Defendant CRST Malone Inc. for such sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as a jury deems fair and reasonable, plus his costs.

Respectfully submitted,

MOGAB & HUGHES ATTORNEYS, P.C.

BY: /s/ 

Richard L. Hughes, #17481
John M. Hughes, #37105
Attorney for Plaintiff
701 Market Street, Suite 1510
St. Louis, Missouri 63101
Telephone: (314) 241-4477
Facsimile: (314) 241-4475